## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **Free Range Presents Dallas LLC d/b/a The Rustic,** | § | |
| **a Texas Limited Liability Company,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CASE NO: 1:16cv1084** |
| | § | |
| **John Korioth, Matt Carter, and Clarissa Alcantara,** | § | |
| *Defendants*. | § | |

## <u>ORIGINAL COMPLAINT</u>

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Free Range Presents Dallas LLC d/b/a The Rustic files its Complaint against Defendants John Korioth, Matt Carter, and Clarissa Alcantara (collectively "Defendants").  As shown below, this is a classic case of trademark infringement in which Defendants are using Plaintiff's considerable goodwill in its trademarks to trick consumers into believing Defendants are associated with Plaintiff's wildly popular restaurant, The Rustic. Plaintiff would respectfully show the Court as follows:

### THE PARTIES

1.  Plaintiff Free Range Presents Dallas LLC d/b/a The Rustic ("The Rustic") is a Texas limited liability company with a principal place of business at 3656 Howell Street, Dallas, Texas 75204.

2.  Defendant John Korioth ("Korioth") is a Texas resident with a regular place of business at 319 Colorado St., Austin, Texas 78701 and a residential address at 1501 East 2nd, #B, Austin, Texas 78702. Korioth may be served wherever he may be found.

3.  Defendant Matt Carter ("Carter") is a Texas resident with a regular place of business at 319 Colorado St., Austin, Texas 78701. Carter may be served wherever he may be found.

4.  Defendant Clarissa Alcantara ("Alcantara") is a Texas resident with a regular place of business at 319 Colorado St., Austin, Texas 78701 and a residential address at 4701 Monterey Oaks Blvd., Apt. No. 827, Austin, TX 78749. Alcantara may be served wherever she may be found.

## JURISDICTION AND VENUE

5.  The Court has subject matter jurisdiction in this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because it arises under the Federal Trademark Act, 15 U.S.C. § 1052 *et. seq.* Jurisdiction over the state law cause of action is proper under 28 U.S.C. § 1338(b) because it asserts a claim of unfair competition and is joined with substantial and related claims under the federal trademark laws.  This Court has supplemental jurisdiction over the claims in this Complaint that arise under the common law of Texas pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6.  This Court has personal jurisdiction over Defendants because they are Texas residents and operate businesses in Texas.

7.  Venue is appropriate pursuant to 28 U.S.C. §§ 1391(b)-(c) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

### The Rustic and its Trademark

8.  The Rustic is the owner of several trademarks, including the trade name and trade dress, used in connection with the operation and marketing of THE RUSTIC, one of the most popular and successful restaurants in Texas.

9.   THE RUSTIC celebrated its grand opening on or about October 10, 2013 during Texas-OU Weekend, a peak weekend for tourism in Dallas—especially among Austin residents.  It was instantaneously profitable, which is rare in the restaurant industry.  Indeed, after only six months of operation, the Dallas Morning News noted that it was "quite possibly the busiest Dallas restaurant" and serving 40,000 customers a month. (Exhibit 1)  Its draw has only grown since then.

10. THE RUSTIC has gained widespread attention and promotion throughout Texas. For just one example, *Texas Monthly* named it one of the ten best news bars <u>in Texas</u> in 2014. (Exhibit 2) *Texas Monthly* has a "paid circulation of 300,000 and is read by more than 2,500,000 people each month—one out of seven Texas adults." (Exhibit 3)

11. The Rustic is the owner of U.S. Serial No. 86/234,051 for the word mark THE RUSTIC in International Class 43 for "Restaurant and bar services" and in International Class 41 for "Providing a venue for live music." (Exhibit 4)

12. The Rustic is the owner of U.S. Serial No. 86/234,074 for the mark THE RUSTIC KITCHEN · BACKYARD · BAR · MUSIC (and design) in International Class 43 for "Restaurant and Bar services" and in International Class 41 for "Providing a venue for live music." (Exhibit 5)

**<u>Rustic East</u>**

13. Korioth is the owner and/or co-owner of multiple restaurants in Austin, including LA MANCHA and HANGAR LOUNGE. Defendants are the co-owners of THE MARKET in Austin.

14. In July 2016, several publications, including Vox Media's well-known EATER site, publicized Defendants' plan to open a new restaurant in East Austin. (Exhibit 6) The new restaurant would be called RUSTIC EAST.

15. Although RUSTIC EAST has not yet opened, Defendants are openly advertising it in commerce.

16. Defendants Carter and Alcantara are the registrants of the domain name "rusticeast.com" (the "Rustic Domain"). (Exhibit 7) The Rustic domain was created on June 22, 2016.

17. The website viewable at the Rustic Domain (the "Rustic Website") displays content advertising the RUSTIC EAST restaurant. (Exhibit 8) Consumers are encouraged at the Rustic Website to join its mailing list "to get updates on our progress, upcoming events, and access to specials whenever we open our doors!!"

18. Defendants have created and are using the following social media accounts to advertise and promote the RUSTIC EAST restaurant in commerce:

   a. "Rustic East" on Facebook (facebook.com/rusticeast) (Exhibit 9);

   b. "rusticeast" on Instagram (instagram.com/rusticeast) (Exhibit 10); and

   c. "Rustic East" on Twitter (twitter.com/rusticeast) (Exhibit 11).

## Notice of Infringement

19. On July 29, 2016, within days after learning about Defendants' plan to open the RUSTIC EAST restaurant, The Rustic notified Defendants Carter and Korioth in writing of The Rustic's trademark rights that Defendants' infringed (Exhibit 12).

20. An attorney representing "Rustic East" responded that the Rustic East restaurant would be local to Austin (Exhibit 13). Although The Rustic replied that limiting the location of trademark infringement to one major city was not a defense to trademark infringement, The Rustic never received another response to multiple follow-up attempts. Instead, Defendants continued to promote the RUSTIC EAST after receiving multiple notices of infringement.

21. For example, on August 30, the Rustic East Facebook page posted "We're coming for you East Austin!!" (Exhibit 9). This post included yet another article appearing on Vox Media's Eater site that promoted the planned opening of Defendants' Rustic East restaurant.

22. To The Rustic's knowledge, Defendants have not yet released a planned date of opening the Rustic East restaurant, which is why it has not yet asked the Court for a temporary restraining order. But if the Rustic East restaurant opens, The Rustic will suffer irreparable harm.

## Infringement

23. Defendants' use of RUSTIC EAST as a restaurant name is a clear infringement of The Rustic's trademark rights.

24. THE RUSTIC is a strong, inherently distinctive trademark for The Rustic's restaurant and bar services. "RUSTIC" is almost exclusively used as an adjective, but it is a noun in THE RUSTIC.

25. Likewise, "RUSTIC" is a noun in Defendants' mark. "EAST" is a straight-forward reference to its location in the trendy East Austin neighborhood. As the *New York Times* has described it in an article titled "Eclectic East Austin":

> A mile from downtown, East Austin has historically been a working class neighborhood, a vibrant enclave heavily populated by African-Americans because of an earlier era of segregationist laws — and later, a home to Mexican-American residents. These days, it's also the city's newly fashionable arts district, with studios, galleries, cocktail bars, cafes and all manner of food trucks popping up on most every block. Beloved taquerias and barbecue joints, ramshackle carwashes and Christian outreach ministries now jostle against shiny condos, fancy restaurants and, in refurbished bungalows, groovy hair salons with names like Peacock and Orbit.

(Exhibit 14)

26. Consumers will thus correctly interpret "East" as an adjective modifying the noun "Rustic." As a result, they are likely to believe that RUSTIC EAST is the East Austin location of THE RUSTIC.

27. The planned appearance of the RUSTIC EAST restaurant will reinforce consumers' mistaken belief that the RUSTIC EAST restaurant is affiliated with THE RUSTIC. Defendants' Facebook page uses a rendering of the RUSTIC EAST restaurant as its "Cover Photo":



28. Construction of the new restaurant shows Defendants are building this vision:



29. Defendants' design choices are remarkably similar to THE RUSTIC:



30. Likewise, the planned menu at the RUSTIC EAST restaurant is remarkably similar to the menu at THE RUSTIC—Texas food and libations. (Exhibit 15).

31. There is no doubt that consumers will believe that RUSTIC EAST is affiliated with THE RUSTIC, which is the irreparable harm against which trademark law protects.

## COUNT ONE: TRADEMARK INFRINGEMENT

32. The Rustic incorporates the allegations of paragraphs 1-31 as if fully set forth at this point.

33. The Rustic owns all right, title, and interest to the mark THE RUSTIC, including but not limited to, U.S. Serial No. 86/234,051 for use in International Class 43 for "Restaurant and bar services" and in International Class 41 for "Providing a venue for live music."

34. The Rustic owns all right, title, and interest in the mark THE RUSTIC KITCHEN · BACKYARD · BAR · MUSIC (and design), including but not limited to, U.S. Serial No. 86/234,051, for use in International Class 43 for "Restaurant and bar services" and in International Class 41 for "Providing a venue for live music."

35. Defendants are using in commerce a reproduction, counterfeit or colorable imitation of the mark THE RUSTIC in connection with the sale, offering for sale, distribution, and advertising of their goods and services on, or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

36. Defendants' usage of the Rustic Website, the Rustic Domain, and myriad social media pages to promote the RUSTIC EAST restaurant constitutes trademark infringement of The Rustic's trademark rights under Title 15 of the United States Code.

37. In undertaking the conduct complained of in this action, Defendants willfully, knowingly, and intentionally violated The Rustic's trademark rights.  Defendants' acts of trademark infringement have been committed with the intent to cause confusion, mistake, and to deceive, and were otherwise deliberate and/or in bad faith.

38. The Rustic is entitled to recover damages as set forth in 15 U.S.C. § 1114.

39. The Rustic is entitled to enhanced damages and attorneys' fees.

40. Defendants' infringement of The Rustic's mark is causing irreparable harm to The Rustic, which will continue unless Defendants are enjoined by this Court.

## COUNT TWO: CYBERPIRACY

41. The Rustic incorporates the allegations of paragraphs 1-40 as if fully set forth at this point.

42. Defendants registered, trafficked in, and/or used the Rustic Domain within the meaning of 15 U.S.C. § 1125(d).

43. The Rustic Domain is identical or confusingly similar to The Rustic's trademarks.

44. Defendants have and had a bad faith intent to profit from their use of The Rustic's trademarks.

45. The Rustic's trademarks were distinctive at the time the Rustic Domain was registered.

46. The Rustic is entitled to recover monetary damages in an amount to be proven at trial.

47. The Rustic requests that the Court order that the Rustic Domain be transferred to The Rustic pursuant to 15 U.S.C. § 1125(d).

## COUNT THREE: UNFAIR COMPETITION

48. The Rustic incorporates the allegations of paragraphs 1-48 as if fully set forth at this point.

49. Defendants' unlawful and illegal acts and practices as described above constitutes unfair competition.

50. Defendants' unfair competition is causing irreparable harm to The Rustic, which will continue unless Defendants are enjoined by this Court.

51. The Rustic requests the disgorgement of any and all ill-gotten gains obtained by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, The Rustic prays for judgment:

(1)     that this Court preliminarily and permanently enjoin Defendants, their employees, agents, licensees and franchisees, and all persons acting in participation or concert with them:

(a)     from using the RUSTIC EAST mark, the Rustic Domain, or any copy or colorable imitation of THE RUSTIC, in connection with the sale, advertising or promotion of any goods or services; and

(b)     from using in commerce any other word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection, or association of Defendants with The Rustic, or as to the origin, sponsorship, or approval of Defendants' goods, services or commercial activities by The Rustic.

(2)     that in any injunction the Court direct Defendants to file with this Court and serve on The Rustic, within thirty (30) days after the service on Defendants of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants complied with the injunction;

(3)     that the Rustic Domain be transferred to The Rustic;

(4)     that The Rustic recover any damages sustained and the costs of this action, pursuant to 15 U.S.C. § 1117(a);

(5)     that The Rustic recover  Defendants' profits resulting from their acts of infringement in order to redress Defendants' unjust enrichment and to deter their infringement of The Rustic's trademarks pursuant to 15 U.S.C. § 1117(a);

(6)     that any damages awarded be tripled and any profits awarded be increased to the amount this Court finds just;

(7)     that The Rustic recover its attorneys' fees pursuant to 15 U.S.C. § 1117(a), as well as pre- and post-judgment interest; and

(9)     that The Rustic recover such further and other relief, legal or equitable, that this Court finds just.

## <u>JURY DEMAND</u>

The Rustic hereby requests a trial by jury of this action.


Dated: September 21, 2016              Respectfully submitted,

                                       /s/ Megan M. O'Laughlin
                                       Megan M. O'Laughlin (TX24013263)
                                       E-Mail: molaughlin@hitchcockevert.com
                                       HITCHCOCK EVERT LLP
                                       750 North St. Paul Street, Suite 1110
                                       Dallas, TX 75201
                                       Telephone: (214) 880-7004
                                       Facsimile: (214) 953-1121

                                       COUNSEL FOR PLAINTIFF